IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THIRD DEGREE FILMS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1–7 | : | No. 12-3957 |

**O R D E R**

AND NOW, this 10th day of August, 2012, upon consideration of the Third Degree Films, Inc. Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, it appearing that:

1. Plaintiff, an owner of copyrights to pornographic films, brought this action against 7 John Doe Defendants who allegedly uploaded and downloaded Plaintiff's copyrighted films using a peer-to-peer file-sharing protocol called BitTorrent. Plaintiff has not identified the names of the Defendants but has identified the Internet Protocol addresses ("IP addresses") associated with the alleged uploading and downloading.

2. IP addresses are assigned to individual networks by Internet Service Providers ("ISPs"). Plaintiff identified the ISPs that assigned the IP addresses associated with the alleged uploading and downloading. Plaintiff now moves to subpoena the ISPs to identify the Defendants.

3. Plaintiff has shown a *prima facie* case of infringement and has no other way to identify the Defendants. Plaintiff has shown good cause for the court to grant leave for Plaintiff to serve third-party subpoenas on the ISPs to identify the Defendants.

4. Federal Rule of Civil Procedure 26(c)(1) provides:
   The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

5. For Defendants, the risk of embarrassment is high—Defendants, regardless of their innocence or guilt, could be publicly associated with allegations of illegally uploading and downloading pornographic films. Law firms in similar actions have sometimes employed "harassing and abusive litigation techniques[.]" *Digital Sin, Inc. v. Does 1–27*, No. 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, at *12–13 (S.D.N.Y. Jun. 6, 2012). The court will issue a Rule 26(c)(1) protective order limiting the terms of initial discovery.

It is **ORDERED** that the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (paper no. 4) is **GRANTED-IN-PART** and **DENIED-IN-PART**:

    The Motion is **GRANTED** insofar as:

1. Plaintiff shall immediately serve third-party subpoenas on Internet Service Providers Comcast Cable, PenTeleData, RCN Corporation, and Verizon Internet Services ("ISPs"). The subpoenas shall command the ISP to provide Plaintiff with the name, address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned the following IP addresses:

| John Doe # | IP Address | Hit Date (UTC) | City | State | ISP | Network |
|---|---|---|---|---|---|---|
| 1 | 69.242.7.33 | 6/4/2012 18:19 | Norristown | PA | Comcast Cable | BitTorrent |
| 2 | 69.253.48.167 | 5/28/2012 9:32 | Philadelphia | PA | Comcast Cable | BitTorrent |
| 3 | 71.224.87.0 | 6/18/2012 22:40 | Pottstown | PA | Comcast Cable | BitTorrent |
| 4 | 71.58.17.71 | 6/13/2012 0:59 | North Wales | PA | Comcast Cable | BitTorrent |
| 5 | 24.102.143.180 | 6/26/2012 0:05 | Allentown | PA | PenTeleData | BitTorrent |
| 6 | 216.15.69.85 | 6/28/2012 13:37 | Northampton | PA | RCN Corporation | BitTorrent |
| 7 | 71.123.61.248 | 6/16/2012 7:03 | Parkesburg | PA | Verizon Internet Services | BitTorrent |

    Plaintiff **SHALL NOT** subpoena the ISPs for the Doe defendants' telephone numbers and email addresses. *See, e.g.*, *Media Products, Inc. v. Does 1–26*, No. 12 Civ. 3719 (HB), 2012 U.S. Dist. LEXIS 84111, at *5 (S.D.N.Y. Jun. 18, 2012) (noting defendants in actions involving alleged copying and distribution of pornographic films are "at particular risk of receiving coercive phone calls" to settle); *Digital Sin, Inc. v. Does 1–27*, No. 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, at *13 (S.D.N.Y. Jun. 6, 2012).

    The subpoenas shall include a copy of this Order. The ISPs shall not provide the requested information to Plaintiff before the time specified in this Order. *See infra* ¶ 4.

2.  Plaintiff may also serve a subpoena in the same manner as above on any service provider identified in response to a subpoena as a provider of internet services to one of the Defendants.

3.  On or before September 10, 2012, an ISP may move to quash or modify the subpoena.

    a.  If an ISP moves to quash or modify the subpoena, the ISPs shall not serve its respective Defendant(s) with a copy of the subpoena and this Order before the later of: (1) the date the court decides the motion; and (2) September 11, 2012.

        i.  If the court decides any such motion after September 11, 2012, the ISPs shall have 10 days from the date of the decision to serve its respective Defendant(s) with a copy of the subpoena and this Order.

    b.  If no ISP moves to quash or modify the subpoena, the ISPs shall serve their respective Defendant(s) with a copy of the subpoena and this Order no earlier than September 11, and no later than September 21, 2012.

    An ISP moving to quash or modify the subpoena shall notify the other ISPs at the time of filing so that the ISPs do not serve their respective Defendant(s) with a copy of the subpoena and this Order before the court decides the motion.

4.  On or before October 8, 2012, a Defendant may move to quash or modify the subpoena.

    a.  If a Defendant moves to quash or modify the subpoena, the ISPs shall not provide any requested information to Plaintiff before the later of: (1) the date the court decides the motion; and (2) October 9, 2012.

        i.  If the court decides any such motion after October 9, 2012, the ISPs shall have 10 days from the date of the decision to provide the requested information to Plaintiff.

    b.  If no Defendant moves to quash or modify the subpoena, the ISPs shall provide the requested information to Plaintiff no earlier than October 9, 2012, and no later than October 19, 2012.

       A Defendant moving to quash or modify the subpoena shall notify all ISPs at the time of filing so that the ISPs do not provide the requested information to Plaintiff before the court decides the motion.

5.     The ISPs shall confer with Plaintiff and shall not require Plaintiff to pay a fee in advance of providing the requested information. An ISP electing to charge Plaintiff for the costs of production after providing the requested information shall provide Plaintiff with a billing summary and cost report. *See, e.g.*, *Media Products, Inc.*, 2012 U.S. Dist. LEXIS 84111, at *8.

6.     Plaintiff may use the information disclosed in response to a subpoena served on an ISP only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

The Motion is **DENIED** insofar as Plaintiff requests the court to rule in advance on objections to the subpoenas.

                                                        /s/ Norma L. Shapiro

                                                                     J.